UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>T. COOPER, et al.,<br><br>    Defendants. | No. 2: 18-cv-0560 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 11.) For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to amend.

Plaintiff's amended complaint does not clearly identify the defendants. While plaintiff includes a statement of his claims, it is not clear which individuals discussed in each claim are intended as defendants. For example, claim one discusses Sergeant Cooper, Wheeler, Armento, J. Cantu, L. Cantu, Warden Lizarraga, R. Barton, Joseph Talvan and Lieutenant McCloughain. It is not clear if plaintiff intends to name all of these individuals as defendants. For these reasons, the amended complaint is dismissed with leave to file a second amended complaint. The second amended complaint shall clearly list all named defendants and their involvement in each allegation against them.

////

1

Plaintiff is also informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself, without reference to any prior pleading.

Plaintiff's amended complaint was not prepared on a complaint form. The undersigned will direct the Clerk of the Court to send plaintiff a complaint form. Plaintiff shall prepare his second amended complaint on the complaint form. The second amended complaint may be no longer than fifteen pages.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action;

2. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint; plaintiff shall prepare his second amended complaint on this form. The second amended complaint may be no longer than fifteen pages.

Dated: March 12, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mcclin560ame