1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN McCLINTOCK,

        Plaintiff,

   v.

T. COOPER, et al.,

        Defendants.

No. 2: 18-cv-0560 JAM KJN P

FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a preliminary injunction. (ECF No. 31.) For the reasons stated herein, the undersigned recommends that plaintiff's motion for a preliminary injunction be denied.

Legal Standard for Preliminary Injunction

      "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.

See Winter, 555 U.S. at 22 (citation omitted).

Discussion

Plaintiff alleges that on January 8, 2020, one of the defendants in this action informed plaintiff that the lead defendant, T. Cooper, would soon be returning to Mule Creek State Prison ("MCSP"), where plaintiff resides. Plaintiff alleges that although two of the eight defendants still work at MCSP, plaintiff has been able to continue with his responsibilities and program. Plaintiff alleges that when defendant Cooper returns, plaintiff anticipates that he will be unable to continue with his responsibilities and program. Plaintiff alleges that he experienced post traumatic stress disorder after hearing about defendants Cooper's return to MCSP.

This action proceeds on plaintiff's second amended complaint as to defendants Allen, Armenta, J. Cantu, L. Cantu, Cooper, Walker, Wheeler and Winkler as to four claims of retaliation, i.e., claims two, three, four and five. Plaintiff alleges that defendants retaliated against him for filing grievances by conducting excessive cell searches, destroying his personal property, tampering with his mail, wrongly housing plaintiff with an EOP inmate and charging plaintiff with false disciplinary charges.

Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969).

Plaintiff does not allege that defendant Cooper has returned to MCSP and started retaliating against him or otherwise violating plaintiff's constitutional rights. Plaintiff's claim that defendant Cooper will begin retaliating against him and/or otherwise violate his constitutional rights following his return to MCSP is speculative. On this ground, the undersigned recommends that plaintiff's motion for injunctive relief be denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 31) be denied without prejudice.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 17, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mcclin560.pi

3