UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN McCLINTOCK,

        Plaintiff,

   v.

T. COOPER, et al.,

        Defendants.

No.  2: 18-cv-0560 JAM KJN P

ORDER

I.     Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed March 6, 2020.  (ECF No. 38.)  Plaintiff argues that defendants should be required to provide additional documents in response to his first request for production of documents.

For the reasons stated herein, plaintiff's motion to compel is denied except for request number 32.

II.    Plaintiff's Claims

To put the motion to compel in context, the undersigned herein sets forth the claims on which this action proceeds.

This action proceeds on the second amended complaint as to the following claims of retaliation against defendants Allen, Armenta, J. Cantu, L. Cantu, Cooper, Walker, Wheeler and

1

Winkler.

*Alleged Retaliation by Defendants Cooper, Armenta, Winkler, Wheeler, J. Cantu, L. Cantu—Claim Two in Second Amended Complaint*

Plaintiff alleges that on April 17, 2017, he filed a grievance against defendants Cooper, Armenta, Winkler, Wheeler, J. Cantu and L. Cantu.  Plaintiff alleges that these defendants immediately retaliated against plaintiff for filing the grievance by conducting excessive cell searches of plaintiff's cell.  Plaintiff alleges that defendant Cooper directed his "cabal" to search plaintiff's cell two weeks after it had been searched "uneventfully."  Plaintiff alleges that during the search, the "cabal" broke cables by pulling them out of plaintiff's television and scattered his legal property.

*Alleged Retaliation by Defendants Walker and Cooper—Claim Three in Second Amended Complaint*

Plaintiff alleges that he filed a grievance against defendant Walker.  Plaintiff alleges that he put the grievance in the secured grievance box.  Plaintiff alleges that defendant Allen collected the grievance but failed to respond to it.  Plaintiff alleges that his family sent a copy of the grievance to the Sacramento Office.  The Sacramento Office referred the grievance to defendant Allen, who denied receiving it.  Defendant Allen referred the grievance to defendant Cooper.

Defendant Cooper interviewed defendant Walker.  Plaintiff alleges that immediately following that interview, defendant Walker was given the "green light" to do as he pleased to with plaintiff's personal property.  Plaintiff alleges that the words "green light" were defendant Walker's words, and not plaintiff's words.  Plaintiff alleges that defendant Walker stomped on plaintiff's hot pot and scattered plaintiff's legal documents everywhere throughout his cell.  Plaintiff alleges that defendant Walker intimidated plaintiff every day by either destroying plaintiff's mail or keeping it in the guard's office drawer.

*Alleged Retaliation by Defendants Walker, Cooper and Allen—Claim Four in Second Amended Complaint*

Plaintiff alleges further retaliation by defendants against plaintiff for filing the grievance against defendant Walker discussed in claim three.

Plaintiff alleges that Correctional Officer Colosimo sent an EOP inmate, not yet cleared by mental health, to plaintiff's housing unit.  Plaintiff alleges that defendant Walker and Correctional Officer Liem placed this unstable inmate in plaintiff's cell.  Plaintiff alleges that he repeatedly informed defendant Walker and Correctional Officer Liem about the inmate's unstable behaviors, which included the inmate banging his head repeatedly on the cement wall, drinking his own urine, etc.  Plaintiff alleges that Correctional Officer Liem documented plaintiff's concerns and notified defendant Cooper.  However, nothing was done to help the mentally ill inmate or address plaintiff's safety concerns.  Plaintiff alleges that defendant Walker told him, "next time be careful who you file a complaint against."

Plaintiff alleges that when he went back to defendant Walker's supervisors, i.e., defendants Cooper and Allen, they "shot it back" to defendant Walker, who did nothing.  Plaintiff went to the mental health department and spoke with the EOP psychiatrist, who told plaintiff that they were unaware that the mentally ill inmate had been removed.  They told plaintiff that the mentally ill inmate had not been cleared from the EOP program.  After plaintiff spoke to the EOP psychiatrist, the mentally ill inmate was removed from plaintiff's cell.  However, "the same above defendants" moved another problem EOP inmate into plaintiff's cell.  This mentally ill inmate had also not been removed from the EOP program.

*Alleged Retaliation by Defendants Armenta and Cooper—Claim Five in Second Amended Complaint*

Plaintiff alleges that on February 8, 2018, plaintiff followed the directives of Correctional Officer Christiansen and Correctional Counselor Dixon to report "right away" to the correctional counselor's office.  When plaintiff arrived at the office, defendant Armenta proceeded to "castigate plaintiff with profanity and unprofessionalisms."  Plaintiff attempted to address defendant Armenta's behavior with his supervisor, defendant Cooper.  However, defendant Cooper refused to address plaintiff's concerns.

Four hours later, defendants Armenta and Cooper falsely charged plaintiff with being "out of bounds."  Plaintiff alleges that defendants filed the false disciplinary charges because plaintiff submitted a Form 22 regarding defendant Armenta's "caustic behavior toward plaintiff."

1     III.     Motion to Compel

2        A.  Legal Standard

3     The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

4 Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

5 defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within

6 this scope of discovery need not be admissible in evidence to be discoverable." Id. The court,

7 however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

8 from some other source that is more convenient, less burdensome, or less expensive;" or if the

9 party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

10 or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

11 26(b)(2)(C).

12     "The party seeking to compel discovery has the burden of establishing that its request

13 satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794 at *1

14 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the

15 burden of showing that the discovery should be prohibited, and the burden of clarifying,

16 explaining or supporting its objections." Id. The opposing party "has the burden to show that

17 discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal.

18 2002).

19    In responding to discovery requests, defendants must produce documents or other tangible

20 things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must

21 either state that inspection and related activities will be permitted as requested, or state an

22 objection, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

23       B.  Discussion

24     *Request No. 1*

25     Request no. 1 sought,

26            All documents that refer to allegations of misconduct or other
improper conduct by prison staff involving the defendants:   T.
27            Cooper. Armenta, J. Cantu, L. Cantu, B. Walker, Wheeler, Winkler,
and/or Allen.  Whether such allegations were made by an inmate or
28            by a member of the prison staff.  Per Dom. 54100.25-5, 54100.25-6,

1
2
3
4

> 24100.25-7, pursuant to P.C. 832.5(a) Evidence Codes 1043, 1045, 1046.   Subject to limitations of this request for production of documents.  Plaintiff requests that they may be reasonably narrowed to include only those grievances, complaints, etc. filed against any of the defendants that involve claims similar to those raised by plaintiff in the instant action—reprisal for initiating or attempting to initiate his/her First Amendment rights of free speech.

5   (ECF No. 50-1 at 20-21.)

6   Defendants objected to request no. 1:

7
8
9
10
11
12
13
14
15

> Objection.  This request is vague and overbroad as to the timeframe of the documents requested.  This request is unduly burdensome, oppressive, and harassing because it encompasses every document ever prepared that refers to any staff complaint filed against one of the defendants.   The vast majority of these documents are not relevant to any claims or defenses in this case.  This request calls for the production of documents which are protected from disclosure by California Code of Regulations, Title 15, §§ 3321 and 3370, and the official-information privilege.  This request is unduly burdensome, oppressive, and harassing because staff complaints against a single officer are not kept in a centralized location, but rather in the central files of each inmate who files that complaint, and locating all such documents would necessitate searching the central file of every current and former inmate who has ever been housed in an institution where one of the defendants is available.   Defendants therefore decline to produce any documents in response to this request.

16   (Id. at 21.)

17   In the motion to compel, plaintiff alleges that in request no. 1 he seeks only documents

18   from January 2010 to December 2019 that reference claims that defendants engaged in retaliation

19   in response to the exercise of First Amendment rights.  (ECF No. 38 at 13.)  Plaintiff also claims

20   that there is no need to look in all inmate files because that would be overburdensome.  (Id.)

21   In the opposition defendants argue, in part, that producing every staff complaint that ever

22   alleged defendants committed retaliation would require searching the central files of every current

23   and former inmate who was ever housed in an institution where defendants were employed.  In

24   support of this claim, defendants cite the declaration of MCSP Correctional Counselor Santos

25   submitted to plaintiff in response to the request for production of documents in support of the

26   privilege log.  In relevant part, Correctional Counselor Santos states that staff complaints filed by

27   inmates against correctional staff members are not kept in a centralized location but are located in

28   the central files of each inmate who files the complaint.  (ECF No. 50-1 at 83.)  Correctional

5

1   Counselor Santos states that locating all staff complaints filed against defendants would

2   necessitate searching the central file of every current and former inmate who has ever been

3   housed in an institution where defendants were employed.  (Id.)

4          Based on the declaration of Correctional Counselor Santos, the undersigned finds that

5   request no. 1 is overly burdensome to the extent it seeks staff complaints against defendants

6   alleging retaliation for exercising First Amendment rights from January 2010 to December 2019.

7   To the extent request no. 1 seeks other documents alleging retaliation by defendants, the

8   undersigned finds that request no. 1 is vague and overbroad.

9          Because the undersigned finds that request no. 1 is overly burdensome, vague and

10  overbroad, he does not consider whether the documents sought are protected by the official

11  information privilege.

12         For the reasons discussed above, plaintiff's motion to compel as to request no. 1 is denied.

13         *Request No. 2*

14         Request no. 2 sought,

15             All documents that refer or relate to CDCR policies and procedures
                on calculated cell searches, use of power/authority/force plans,
16             authored by CDCR pursuant to E.V. 1530, 1532 including, but not
                limited to, policy training handbook pursuant to DOM § 54060.
17

18  (Id. at 21.)

19         Defendants objected to request no. 2:

20             Objection.  This request is vague and overbroad as to the timeframe
                of the documents requested.  This request is vague and ambiguous as
21             to the term "use of power/authority/force plans."  This request is
                unduly burdensome, oppressive, and harassing because it
22             encompasses every document that has ever cited to a CDCR policy
                or procedure related to correctional staff's authority to conduct cell
23             searches.  The vast majority of these documents fall outside the
                timeframe of the events at issue in this case and are not relevant to
24             any claims or defenses in this case.  This request calls for the
                production of documents which are protected from disclosure by
25             California Code of Regulations, Title 15, § 3321 and 3370, and the
                official-information privilege. Without waiving objections, and after
26             a reasonable search and diligent inquiry, defendants produce all
                responsive documents in defendants' possession, custody or control.
27             (Bates nos. DEF001 to DEF007, DEF009 to DEF039.)

28  (Id. at 22.)

6

In the motion to compel, plaintiff states that he is satisfied with the sections of Title 15 and Department Operations Manual ("DOM") provided by defendants in response to request no. 2. (ECF No. 38 at 14.)  Plaintiff argues that defendants failed to produce DOM § 54060, which he requested in request no. 2.  (Id.)  Plaintiff describes DOM § 54060 as a policy training handbook.  (Id.)

In the opposition, defendants correctly observe that DOM § 54060 governs the distribution and use of inmate clothing and does not appear to be relevant to any claims or defenses in this case.  Accordingly, the undersigned finds that no further response to request no. 2 is required.  Accordingly, the motion to compel as to request no. 2 is denied.

*Request Nos. 3-27*

Request nos. 3-27 sought the production of various disciplinary records for each defendant and investigative records related to any disciplinary action taken against each defendant:

> Request no. 3:  All adverse action records, which is punitive in nature and is intended to correct staff misconduct or poor performance, or which terminates employment, of each defendant named herein. Pursuant to EV. § 1043, 1044, 1046.
>
> Request no. 4:  All Bureau of Independent Review (BIR) records of any or all investigative and/or disciplinary action taken against each defendant named herein.  Pursuant to E.V. § 104.6.
>
> Request no. 5:  All "Skelly Packages."  This material may include, but is not limited to, the following:  investigative reports, applicable policies, procedures and government code sections, records of training the employee/defendant has attended, job description and duty statements and/or post orders for each defendant named herein. Pursuant to EV § 1043, § 1045, § 1046.  Plaintiff recognizes that "Skelly Packages" are informal processes to test whether employees'/defendants' intended actions are adequately supported. They are to serve only as an initial check against mistaken decisions—in order to determine whether there are reasonable grounds to support inquiry.  [Skelly v. State Personnel Board, 539 P.2d 744 (1975)].
>
> Request no. 6:  All "Corrective Action(s)" records for each defendant named herein; this material may include, but is not limited to, the following:  verbal counseling, inservice training, "on the job" training, written counseling or Letter of Instruction (LOI) taken by a supervisor to assist an employee in improving his/her work performance behavior or conduct pursuant to E.V. § 1043, § 1045, § 1046.
>
> Request no. 7:  "Designated Case(s)" records assigned to vertical

advocate (VA) for each defendant named herein; this material may
include, but is not limited to the following matters involving staff
integrity and/or dishonest, abuse of authority, sexual misconduct, use
of force in which an inmate suffers death or injury, use of deadly
force, serious allegations made against supervisors and high profile
or dismissal cases assigned to the VA by the AGC.  Pursuant to EV
§ 1043, 1045, 1046.

Request no. 8:   All "employee counseling records" for each
defendant named herein; this material may include, but is not limited
to:  written record(s) of counseling, documented on a CDCR form
1123, between a supervisor and subordinate which provides formal
instructions about laws, rules, policies, and employer expectations.
Pursuant to EV § 1043, 1045, 1046.

Request no. 9:   All "Executive Review" records regarding the
investigation findings, proposed disciplinary penalty of settlement
agreement, for each defendant named herein.  Pursuant to EV § 1043,
1045, 1046.

Request no. 10:  All "notice(s) of adverse action" for each defendant
named herein; the material may include, but not limited to the
following; a notification to the affected employee of the charges
against him/her, the adverse action penalty, and the effective date.
Pursuant to EV § 1043, 1045, 1046.

Request No. 11:  All "office of internal affairs" (OIA) files for each
defendant named herein; including but not limited to, investigative
reports on allegations of employee misconduct.  Pursuant to EV §
1043, 1045, 1046.

Request no. 12:  All "preliminary notices of adverse action" for each
defendant named herein; this material may include, but is not limited
to:  notification required of some hiring authorities in accordance
with the settlement agreement(s), to an affected employee regarding
charges against him/her and the intent to impose adverse action.  This
notification summarizes the specific subsections of the Government
Code that have been violated as well as the actions that constituted
the violation.  Pursuant to EV § 1043, 1045, 1046.

Request no. 13:  All "Skelly Hearing" result(s) records for each
defendant named herein; this material may include, but is not limited
to:  the hiring authorities final decision(s) regarding the imposition
of a disciplinary penalty.  Pursuant to EV § 1043, 1045, 1046.

Request no. 14:  All "Skelly Letters" for each defendant named
herein; this material may include, but is not limited to:  the hiring
authorities final decision regarding the imposition of a disciplinary
penalty.  Pursuant to EV § 1043, 1045, 1046.

Request no. 15:   All "employee relations officer" (ERO)—
disciplinary officers' summary(s) (ERO) adverse action(s) records
for each defendant named herein; this material may include, but is
not limited to: a summary compiled by ERO/disciplinary officer of
allegations of misconduct, from evidence contained in an

8

investigative report or other documents.  Pursuant to EV § 1043, 1045, 1046.

Request No. 16:   All "hiring authority's investigative and disciplinary" records for each defendant named herein; this material may include, but is not limited to:  CDCR Forms 989 to OIA including those cases in which direct adverse action is taken without an investigation, CDCR Form(s) 402 completed, CDCR Form(s) 403 employee disciplinary matrix, pursuant to § 1043, 1045, 1046.

Request no. 17:   All "employee's supervisory files" for each defendant named herein.  This may include, but is not limited to: filing documents related to corrective action, performance, behavior, and conduct of subordinate staff, imposition of corrective action, corrective action for similar misconduct occurring within one year prior to imposition of corrective or adverse action alleged misconduct, request for investigations or adverse action to the hiring authority.  Pursuant to EV § 1043, 1045, 1046.

Request no. 18:    All "vertical advocate" (VA) investigative interviews, notice of adverse action drafts, accurate records of assignments and documenting in the legal database all communications with the hiring authority and senior inspector general (SAIG) regarding disciplinary penalties:  the "Skelly Hearings," the "Skelly Officers's" recommendations, the outcome of executive review, settlement agreements, SPB hearings, and any appellate proceedings, documentations in the legal page of CMS all communications re: investigative reports and investigative findings, for each defendant named herein.  Pursuant to EV § 1043, 1045, 1046.

Request no. 19:   All "Office of Personnel Services, Human Resources" documents, reports that refer or relate to allegations of misconduct or any other improper conduct, for each defendant named herein; this material may include, but is not limited to: processing of adverse actions, filing and retaining final notices of adverse action in employee office personal files for five years. Pursuant to EV § 1043, 1045, 1046.

Request no. 20:   All "Office of Personnel Services, Employee Discipline Unit" documentation/reports that refer to or relate to allegations of misconduct or any other improper misconduct for each defendant named herein; this material may contain, but is not limited to:  collecting and maintaining the official department copies of all adverse action documents separate and apart from those held in the official personnel files, statistical information and generating reports on adverse actions using Case Management System (CMS). Pursuant to EV § 1043, 1045, 1046.

Request no. 21:  All memorandums, forms "Orders for Form an IST" and/or documentations of OJT for each defendant named herein. Pursuant to EV § 1043, 1045, 1046.

Request no. 22: All "central intake" documents/investigative reports that refer or relate to allegations of misconduct or any other improper

conduct for each defendant named herein. This may include, but is not limited to: case assignments and case assignment numbers in the case management system (CMS) and the Prolaw Database (legal data base), updates of CMS legal page, cross-references (and their numbers), the ERO/disciplinary officers record(s) of the findings in the CMS data base, copies of CDCR form 402, vertical advocate (VA) of all related communications in the legal page of the CMS—including recommendations regarding the investigative findings. In pursuant to EV § 1043, 1045, 1046.

Request no. 23: All "adverse action penalties" documents that refer or relate to allegations of misconduct or other improper conduct for each defendant named herein. Pursuant to EV § 1043, 1045, 1046.

Request no. 24: All "summary of adverse action" for non-designated cases by the E.R.O./disciplinary officer for each defendant named herein; this material may include but is not limited to the following: work history, location and dates of assignments, prior adverse actions with causes and dates listed, chronological summary of investigations, dates, times and names of supervisors conducting the corrective interviews, copies of corrective memorandums, incident reports, summary statements of witnesses, transcripts, vouchers, receipts, performance reports, photographs, and CDCR 602 form (inmate parole appeal form). Pursuant to EV § 1043, 1045 1046.

Request no. 25: All "A.T.O. Notices" that refer or relate to allegations of misconduct or any other improper conduct, for each defendant named herein. Pursuant to EV § 1043, 1045, 1046.

Request No. 26: All "EAPT Reports" (Employment Advocacy and Prosecution Team) for Mule Creek State Prison/Mule Creek Infill Complex; this material may include, but is not limited to, the following: number of adverse actions by types of discipline, number of direct adverse actions without any investigation, number of adverse actions with an investigation by type, number of adverse actions where the discipline was sustained by the Skelly Officer, number of actions where the Skelly Officer recommended modification of the discipline, the number that the hiring authority accepted the recommendations, number that…

Request no. 27: All "disciplinary audits" prepared by the "Office of Legal Affairs, in conjunction with the OIA," for Mule Creek State Prison/Mule Creek Infill Complex, this material may include, but is not limited to, the following: the assessments, adequacy, and monitoring of the statute of limitations, the assessments of training needs, evaluations of the effectiveness of each vertical advocate, the appropriateness and thoroughness of the investigation, report, penalty, notice of adverse action and settlement, and the policy issues involved and/or at stake. Pursuant to EV § 1043, 1043, 1046.

(ECF No. 50-1 at 22-35.)

Defendants objected to request no. 21 as overly broad, vague and ambiguous as to the terms "IST" and "OJT," vague as to the timeframe of the documents requested and failing to

1    identify the documents sought with particularity.  (Id. at 32.)  Based on these objections,

2    defendants stated that they could not reasonably respond to this request.  (Id.)  Plaintiff's motion

3    to compel does not clarify the terms "IST" and "OJT."  (ECF No. 38 at 26.)

4         The undersigned finds that defendants' objections to request no. 21 have merit.

5    Accordingly, the motion to compel as to request no. 21 is denied.

6         Defendants objected that the documents sought in request no. 4, 11, 16 and 27 were not

7    within the defendants' possession, custody or control, but were in the possession, custody and

8    control of a third-party government agency.  (ECF No. 50-1 at 22-23, 26, 29, 35.)  The

9    undersigned cannot order defendants to produce documents that are not within their possession,

10   custody or control.  For this reason, the motion to compel as to request nos. 4, 11, 16 and 27 is

11   denied.

12        Defendants objected to request nos. 3-20 and 22-27 as vague and overbroad to the

13   timeframe of the documents requested.  (Id. at 22-35.)  Without waiving objections, defendants

14   responded that after a reasonable search and diligent inquiry, none of the defendants have been

15   investigated or disciplined for any of the allegations or claims in this lawsuit, or for matters

16   similar to the allegations in this lawsuit.  (Id.; see also id. at 83 (Santos declaration).)  Defendants

17   also objected that the documents requested were protected from disclosure by the official

18   information privilege.  (Id. at 22-35.)

19         In the motion to compel, plaintiff alleges that in request nos. 3-27, he is seeking

20   documents containing information regarding actions taken by defendants in retaliation for inmates

21   exercising their First Amendment rights from January 2010 to December 2019.  (ECF No. 38 at

22   15-30.)  However, even if limited to this time frame and subject matter, defendants represent that

23   no defendant has been investigated or disciplined for any of the allegations or claims in this

24   lawsuit, or for matters similar to the allegations in this lawsuit.  Accordingly, the undersigned

25   finds that the documents plaintiff seeks in these requests do not exist.  To the extent plaintiff

26   seeks defendants' disciplinary records regarding matters unrelated to this action, the undersigned

27   finds that these disciplinary records are not relevant.  Accordingly, no further responses to request

28   nos. 3-20 and 22-27 are required.  The motion to compel as to these requests is denied on these

1    grounds.

2          The undersigned need not determine whether request nos. 3-27 are protected by the

3    official information privilege because defendants' other objections to these requests have merit.

4          *Request no. 28*

5          Request no. 28 sought,

6          All documents, electronic data, from the "Management Information
         System" for each defendant named herein.  Pursuant to EV § 1043,
7          1045, 1046.

8    (ECF No. 50-1 at 35.)

9          Defendants objected to request no. 28:

10         Objection.  This request is overly broad, vague and ambiguous as to
         the term "Management Information System," vague as to the
11         timeframe of the documents requested, fails to identify the
         documents sought with particularity, and is unintelligible.  Based on
12         these objections, and without further clarification on what documents
         are being sought, defendants cannot reasonably respond to this
13         request.

14   (Id. at 35-36.)

15         In the motion to compel, plaintiff alleges that he is seeking documents from the

16   Management Information System from January 2010 to December 2019.  (ECF No. 38 at 30.)

17   Plaintiff also alleges that he seeks documents relating to allegations of "misconduct" by

18   defendants, apparently related to their alleged retaliation against inmates for exercising their First

19   Amendment rights.  (Id.)

20         As observed by defendants in the opposition, plaintiff does not explain what

21   "Management Information System" he references in this request.  Plaintiff also fails to clarify the

22   documents he seeks in this request.  Defendants also state that had request no. 28 clearly

23   demanded production of disciplinary records, as plaintiff's motion suggests, defendants would

24   have provided plaintiff with the same response they gave to requests nos. 3-27, i.e., no such

25   documents exist because defendants have not been investigated or disciplined for any of the

26   allegations or claims in this lawsuit, or for any matters similar to the allegations or claims in this

27   lawsuit.

28   ////

1       Defendants' objections that request no. 28 is overly broad, vague and ambiguous have

2    merit.  Moreover, the documents plaintiff seeks in request no. 28, as clarified in the motion to

3    compel, do not exist.  Accordingly, plaintiff's motion to compel as to request no. 28 is denied.

4       *Request no. 29*

5       Request no. 29 sought,

6
7
8
9
> All documents for each defendant, named herein, post orders and
> other responsibilities for each job title and position she/he has held
> while employed by the California Department of Corrections and
> Rehabilitation—including, but not limited to, Mule Creek State
> Prison/Mule Creek Infill Complex.  Pursuant to EV § 1043, 1045,
> 1046.

10  (ECF No. 50-1 at 36.)

11       Defendants objected to request no. 29:

12
13
14
> Objection.  This request is overly broad, vague as to the timeframe
> of the documents requested, fails to identify the documents sought
> with particularity, and is unintelligible.  Based on these objections,
> and without further clarification on what documents are being
> sought, defendants cannot reasonably respond to this request.

15  (Id.)

16       In the motion to compel, plaintiff alleges that in request no. 29 he seeks documents from

17  January 2010 to December 2019.  (ECF No. 38 at 31.)

18       The information plaintiff seeks in request no. 29 is not entirely clear.  In this request,

19  plaintiff seeks all documents regarding defendants' post orders and job titles held during their

20  employment by the CDCR.  Plaintiff does not describe these documents.  Clearly, not every

21  document discussing defendants' post orders during their employment during CDCR is relevant

22  to this action.  Accordingly, the motion to compel as to request no. 29 is denied on the grounds

23  that this request is vague and overbroad.

24       *Request No. 30*

25       Request no. 30 sought,

26
27
> All documents entailing all policy statements concerning
> "management cells status" and "cell searches."  Pursuant to EV §
> 1043, 1045, 1046.

28  (ECF No. 50-1 at 36.)

1    Defendants responded to request no. 30 as follows:

2        Objection. This request is vague and overbroad as to the timeframe
         of the documents requested. This request is vague and ambiguous as
3        to the term "policy statements." This request is unduly burdensome,
         oppressive, and harassing because it encompasses every document
4        that has ever cited a CDCR policy or procedure related to cell
         searches. The vast majority of these documents fall outside the
5        timeframe of the events at issue in this case and are not relevant to
         any claim or defenses in this case. This request calls for the
6        production of documents which are protected from disclosure by
         California Code of Regulations, Title 15, §§ 3321 and 3370, and the
7        official-information privilege. Without waiving these objections,
         and after a reasonable search and diligent inquiry, defendants
8        produce all responsive documents in defendants' possession, custody
         or control. (Bates Nos. DEF001 to DEF007, DEF009 to DEF027.)

9

10   (Id.)

11       In the motion to compel, plaintiff alleges that in request no. 30, he seeks records in

12   logbooks of cell searches on himself from January 2010 to December 2019. (ECF No. 38 at 31.)

13       Defendants' objections to request no. 30, as phrased, have merit. Request no. 30 cannot

14   be reasonably interpreted to be seeking records in logbooks of cell searches on plaintiff from

15   January 2010 to December 2019. Accordingly, the motion to compel as to request no. 30 is

16   denied.

17       *Request no. 31*

18       Request no. 31 sought,

19       All documents entailing all policy statements, data, and/or guidelines
         concerning the length of maximum time a correctional peace officer
20       can be assigned to walk the same unit, position and/or post
         consecutively. This material may include, but is not limited to the
21       following: CDCR statement policy, MCSP/MCIC Statement Policy.
         Pursuant to EV § 1043, 1045, 1046.
22

23   (ECF No. 50-1 at 36-37.)

24       In the motion to compel, plaintiff alleges that the documents sought in request no. 31 are

25   relevant because they concern the amount of influence defendants had in his housing unit. (ECF

26   No. 38 at 32.)

27       The undersigned observes that defendants' response to request no. 31 is identical to the

28   response to request no. 30. (ECF No. 50-1 at 37.) In other words, defendants also responded

14

1    that, the request was unduly burdensome, oppressive, and harassing because it encompasses every

2    document that has ever cited a CDCR policy or procedure related to cell searches.  (Id.)  Request

3    no. 31 does not seek documents related to cell searches.

4           Nevertheless, the undersigned finds that request no. 31 is vague and overbroad as to time

5    frame.  Not every "CDCR" document ever created that mentions the amount of time a

6    correctional officer can be assigned to walk the same unit or post consecutively is relevant to this

7    action.  For these reasons, the motion to compel as to request no. 31 is denied.

8           *Request no. 32*

9           Request no. 32 sought,

10                  All documents entailing all "job descriptions" for IDP chairperson
                    board members, facility captain, facility lieutenant, facility sergeant,
11                  "peace officer," warden, associate wardens, "watch commander."
                    Each defendant in this case in bar surely has access to, and are
12                  producible, the job description applicable to their individual
                    positions since working in the CDCR.
13

14   (Id. at 37.)

15          Defendants objected to request no. 32 as follows:

16                  Objection.  This request is vague and overbroad as to the timeframe
                    of the documents requested.  This request is vague and ambiguous as
17                  to the term "job descriptions."  This request is unduly burdensome,
                    oppressive, and harassing because it encompasses every document
18                  that has ever described the job positions for the correctional staff
                    positions listed in this request.  The vast majority of these documents
19                  fall outside the timeframe of the events at issue in this case and are
                    not relevant to any claims or defenses in this case.  Based on these
20                  objections, and without further clarification on what documents are
                    being sought, defendants cannot reasonably respond to this request.
21

22   (Id. at 37.)

23          Without further explanation, the undersigned does not find the term "job description" to

24   be vague and ambiguous.  Plaintiff appears to seek the job descriptions for IDP chairperson board

25   members, facility captain, facility lieutenant, facility sergeant, "peace officer," warden, associate

26   wardens, "watch commander."

27          No defendant is described as an IDP chairperson board member, facility captain, warden,

28   associate warden or watch commander.  Plaintiff does not explain how the job descriptions for

15

1   these positions are relevant to this action.  Accordingly, the motion to compel as to request no. 32

2   is denied to the extent plaintiff seeks job descriptions for these positions.

3           In the second amended complaint, plaintiff identifies defendants as Lieutenants (Allen),

4   Correctional Officers (Armenta, J. Cantu, L. Cantu, Walker, Wheeler and Winkler) and Sergeants

5   (Cooper).  (ECF No. 13 at 1-2.)  Job descriptions or statement of job duties of the positions held

6   by defendants at the time of the alleged deprivations is relevant or may lead to relevant evidence.

7   Accordingly, defendants are directed to provide plaintiff with a supplemental response to request

8   no. 32.  Defendants shall provide plaintiff with their job descriptions or statement of job duties for

9   the positions they held, i.e., Lieutenant, Correctional Officer and Sergeant, at the time of the

10  alleged deprivations.  If defendants are unable to provide these documents to plaintiff, they shall

11  provide an explanation for their inability to provide these documents.

12          *Request Nos. 33-36*

13          Request No. 33 sought,

14              All documents entailing electronic data which refers to or relates to
                statistical information on how grievances (eg Form—22, 602s) are
15              screened out as "untimely" by MCSP/MCIC appeals coordinator's
                office.
16

17  (ECF No. 50-1 at 38.)

18          Defendants objected to request no. 33:

19              Objection.  This request is overly broad, vague to the timeframe of
                the documents requested, fails to identify the documents sought with
20              particularity, and is unintelligible.  This request also appears to ask
                defendants to calculate and produce statistical information to
21              plaintiff which is beyond the scope of Federal Rule of Civil
                Procedure 34.  Based on these objections, and without further
22              clarification on what documents are being sought, defendants cannot
                reasonably respond to this request.
23  (Id.)

24          In request no. 33, plaintiff appears to seek statistical data regarding how many grievances

25  are screened out as untimely at MSCP/MCIC.  In the opposition, plaintiff alleges that the

26  timeframe of the information sought in request no. 33 is from January 2010 to December 2019.

27  (ECF No. 38 at 33-34.)

28  ////

In the opposition, defendants appear to represent that the statistical data sought in request no. 33 is not maintained.  If this data does not exist, the undersigned cannot order defendants to create the statistics plaintiff seeks.

Moreover, even if such data did exist, request no. 33 is overbroad, even if limited to statistical data from January 2010 to December 2019.  Statistical data regarding the number of grievances screened out as untimely during this time period, regardless of topic and involvement of defendants, is not relevant to this action.  Accordingly, for these reasons, the motion to compel as to request no. 33 is denied.

Request no. 34 sought,

> All documents entailing electronic data which refers or relates to statistical information on how grievances (Form—22, 602's) and the number of that are screened out as "Untimely" by MCSP/MCIC appeals coordinator's office when the complaint(s)/concern(s) involve complaint(s) against state actor(s) for First Amendment violations—retaliatory in behavior.  This may include, but is not limited to excessive cell searches, excessive use of authority/power/force on persons or property, adverse events/outcomes of applicant's program, classification status, vocation/education access/removal, transferred…

(ECF No. 50-1 at 38.)

Defendants objected to request no. 34:

> Objection.  This request is overly broad, vague to the timeframe of the documents requested, fails to identify the documents sought with particularity, and is unintelligible.  Based on these objections, and without further clarification on what documents are being sought, defendants cannot reasonably respond to this request.

(Id.)

In request no. 34, plaintiff appears to seek statistical data regarding how many grievances alleging retaliation by inmates for exercising their First Amendment rights were screened out as untimely.  In the opposition, plaintiff alleges that the timeframe of the information sought in request no. 33 is from January 2010 to December 2019.  (ECF No. 38 at 33-34.)

Defendants did object that the statistical data requested in this request was not maintained.

Request no. 34 is overbroad, even if limited to statistical data from January 2010 to December 2019.  Statistical data regarding the number of grievances at MCSP/MCIC alleging

1    retaliation for exercising First Amendment rights screened out as untimely during this time frame

2    is not relevant to this action.  Accordingly, for these reasons, the motion to compel as to request

3    no. 34 is denied.

4              Request no. 35 sought,

5              All documents entailing electronic data which refers or relates to
               statistical information on how grievance (Form-22, 602's) are
6              screened out as "untimely" by MCSP/MCIC appeals coordinator's
               office and their number of when the complaint does <u>not</u> entail a First
7              Amendment Retaliatory Behavior by state actor(s).   This may
               include, but is not limited to:  housing conditions, food, general
8              programming, education/vocation issues, law library issues…

9    (ECF No. 50-1 at 38-39.)

10             Defendants objected to request no. 35:

11             Objection.  This request is overly broad, vague as to timeframe of the
               documents requested, fails to identify the documents sought with
12             particularity, and is unintelligible.  This request also appears to ask
               defendants to calculate and produce statistical information to
13             plaintiff, which is beyond the scope of Federal Rule of Civil
               Procedure 34.   Based on these objections, and without further
14             clarification on what documents are being sought, defendants cannot
               reasonably respond to this request.
15

16   (<u>Id.</u> at 39.)

17             In request no. 35, plaintiff appears to seek statistical data regarding how many grievances

18   that did not allege retaliation by inmates for exercising their First Amendment rights were

19   screened out as untimely.  In the opposition, plaintiff alleges that the timeframe of the information

20   sought in request no. 35 is from January 2010 to December 2019.  (ECF No. 38 at 33-34.)

21             In the opposition, defendants appear to represent that the statistical data sought in request

22   no. 35 is not maintained.  If this data does not exist, the undersigned cannot order defendants to

23   create the statistics plaintiff seeks.

24             However, even if such data did exist, request no. 35 is overbroad, even if limited to

25   statistical data from January 2010 to December 2019.  It is unclear how data regarding all

26   grievances at MCSP/MCIC screened out as untimely during this time period, not involving claims

27   by inmates alleging retaliation for exercising their First Amendment rights, is relevant to this

28   action.  Accordingly, for these reasons, the motion to compel as to request no. 35 is denied.

1   Request no. 36 sought, "For items [33] to [35], the statistical data can be narrowed to a

2   period from Jan. 1, 2012 to Dec. 31, 2019."  (ECF No. 50-1 at 39.)

3   Defendants objected to request no. 36:

4   > Objection.   This request is overly broad, fails to identify the
    > documents sought with particularity, and is unintelligible.   This
5   > request also appears to ask defendants to calculate and produce
    > statistical information to plaintiff, which is beyond the scope of the
6   > Federal Rules of Civil Procedure 34.  Based on these objections, and
    > without further clarification on what documents are being sought,
7   > defendants cannot reasonably respond to this request.

8   (Id.)

9   For the same reasons requests nos. 33-35 are denied as overbroad, request no. 36 is

10  denied.

11  *Request No. 37*

12  Request no. 37 sought, "For the above production items [1]-[36] to be authenticated in

13  assurance and preservation from spoilage, altered state/condition—by an official

14  qualified/competent to authenticate their originality."  (Id. at 39.)

15  Defendants objected that request no. 37 was not a proper request for production of

16  documents under Federal Rule of Civil Procedure 34.  (Id.)  Based on this objection, defendants

17  declined to produce any documents in response to this request. (Id.)

18  Because the undersigned denies plaintiff's motion to compel in its entirety, but for request

19  no. 32, request no. 37 seeking authentication of documents is denied.

20  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 38)

21  is denied but for request no. 32; within twenty-one days of the date of this order, defendants shall

22  provide plaintiff with a further response to request no. 32; if appropriate, plaintiff may file a

23  further motion to compel based on defendants' supplemental response to request no. 32 within

24  twenty-one days thereafter.

25  Dated:  June 15, 2020

26

27  Mcclin560.com

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28

19