UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCLINTOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. COOPER, et al.,<br><br>　　　　Defendants. | No.  2: 18-cv-0560 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff' motion to compel.  (ECF No. 80.)  For the reasons stated herein, plaintiff's motion to compel is granted.

This action proceeds on the second amended complaint against defendants Allen, Armenta, J. Cantu, L. Cantu, Cooper, Walker, Wheeler and Winkler.  The pending motion to compel alleges that defendants J. Cantu and L. Cantu failed to respond to revised interrogatories. See Fed. R. Civ. P. 37(a)(3)(B)(iii) (a party may file a motion to compel if a party fails to answer an interrogatory).

On January 7, 2020, defense counsel received plaintiff's first set of interrogatories for defendants L. Cantu and J. Cantu.  (ECF No. 81-1 at 2.)

In his declaration submitted in support of the opposition to the pending motion, defense counsel states that during the course of preparing the interrogatory responses, he spoke with

1

1    defendants L. Cantu and J. Cantu.  (Id.)  During these phone calls, it was readily apparent to

2    defense counsel that defendant L. Cantu was a woman and defendant J. Cantu was a man.  (Id.)

3           On February 19, 2020, defense counsel served plaintiff with defendant L. Cantu's

4    response to interrogatories and defendant J. Cantu's response to interrogatories.  (Id.)

5           On March 6, 2020, defense counsel received an errata sheet from plaintiff.  (Id.)  This

6    document is identical to the errata sheet plaintiff filed on February 28, 2020.  (Id.; see also ECF

7    No. 37).  In this errata sheet, plaintiff states that he intended the interrogatories delivered to

8    defendant L. Cantu to be addressed by a woman, and the interrogatories addressed to defendant J.

9    Cantu to be addressed by a man.  (Id.; see also ECF No. 37.)

10          Defense counsel states that on March 10, 2020, he received plaintiff's revised

11   interrogatories for defendants L. Cantu and J. Cantu.  (Id. at 3.)  The revised interrogatories

12   appeared to be identical to the interrogatories defendants L. Cantu and J. Cantu had already

13   responded to.  (Id.)  The undersigned observes that the revised interrogatories identified J. Cantu

14   as Ms. Cantu and defendant L. Cantu as Mr. Cantu.  (Id. at 50, 69.)

15          In his declaration, defense counsel states that because plaintiff's errata sheet and revised

16   interrogatories reflected that defendants L. Cantu and J. Cantu had correctly responded to

17   plaintiff's interrogatories in the first place, he did not serve plaintiff with further interrogatory

18   responses.  (Id. at 3.)

19          On  August 20, 2020, plaintiff filed a motion to extend the discovery deadline.  (ECF No.

20   71.)  In this motion, plaintiff alleged that defendants J. Cantu and L. Cantu failed to respond to

21   the revised interrogatories he served in March 2020.  (Id.)

22          Defendants did not file an opposition to this motion.  Accordingly, on September 16,

23   2020, the undersigned, unaware of all of the circumstances described above, ordered defendants

24   L. Cantu and J. Cantu to serve plaintiff with responses to the revised interrogatories.  (ECF No.

25   77.)

26          On October 21, 2020, plaintiff filed the pending motion to compel arguing that defendants

27   L. Cantu and J. Cantu failed to provide him with responses to his revised interrogatories, as

28   ordered by the undersigned on September 16, 2020.  (ECF No. 80.)  Plaintiff alleges that the

revised interrogatories are necessary to be responded to by the appropriate defendants. (Id. at 1.) Plaintiff argues that simply swapping their names does not satisfy the court's order. (Id.)

In the motion to compel, plaintiff alleges that instead of serving him with responses to his revised interrogatories, on October 14, 2020, defense counsel sent plaintiff a letter stating that according to plaintiff's August 20, 2020 motion and February 21, 2020 errata sheet, plaintiff intended for the interrogatories propounded to L. Cantu to be answered by Ms. Cantu, and the interrogatories propounded to J. Cantu to be answered by defendant Mr. Cantu. (Id. at 2.) The letter stated no revised interrogatory responses were necessary because the correct parties already responded to plaintiff's interrogatories. (Id.) The letter stated that defendant L. Cantu, who is a woman, responded to the interrogatories addressed to defendant L. Cantu. (Id.) Defendant J. Cantu, who is a man, responded to interrogatories addressed to J. Cantu. (Id.)

In his declaration submitted in support of the opposition to the pending motion to compel, defense counsel states that if plaintiff intended the opposite of what his errata sheet and revised interrogatories intended (i.e., that Ms. L. Cantu was supposed to answer the interrogatories originally propounded on defendant J. Cantu, and vice versa), plaintiff did not communicate this intention to defense counsel after he served the errata sheet and before he filed the instant motion to compel. (ECF No. 81-1 at 3.)

In his reply to the pending motion, plaintiff appears to state that he did intend the opposite of what the errata sheet stated. Plaintiff alleges that when he drafted the original interrogatories, he mistakenly believed that defendant L. Cantu was a man, and defendant J. Cantu was a woman. (ECF No. 82.) For this reason, plaintiff argues, the original interrogatories addressed to L. Cantu were really intended for J. Cantu, and the original interrogatories addressed to J. Cantu were really intended for L. Cantu. (Id.) Plaintiff argues that defendants should be ordered to respond to the revised interrogatories which correct this mistake. (Id.)

While the undersigned is sympathetic to defendants for plaintiff's mistakes, for the reasons stated herein, defendants J. Cantu and L. Cantu are ordered to respond to the revised interrogatories.

When plaintiff served defendants with the revised interrogatories and notice of errata,

1  defendants should have communicated with plaintiff to clarify the purpose of the revised
2  interrogatories, rather than ignoring them.  If defendants believed that no response to the revised
3  interrogatories was necessary because the correct defendants had responded to the original
4  interrogatories, they should have communicated this to plaintiff.  Had defendants communicated
5  with plaintiff when they received the notice of errata and revised interrogatories, this matter may
6  have been resolved much sooner and without court assistance.

7  　　　　The undersigned acknowledges that plaintiff did not make clear until he filed the pending
8  motion to compel that he served the original interrogatories on the wrong defendants.  However,
9  it appears defendants could have obtained this information much sooner had they communicated
10 with plaintiff after receiving the notice of errata and revised interrogatories.  For these reasons,
11 defendants J. Cantu and L. Cantu are ordered to respond to the revised interrogatories.

12 　　　　Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 80)
13 is granted; defendants L. Cantu and J. Cantu shall serve plaintiff with responses to the revised
14 interrogatories within thirty days of the date of this order; plaintiff may file a motion to compel
15 regarding the responses to these interrogatories within thirty days thereafter.

16 Dated:  December 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mcclintock560.com

4