UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT MCCLINTOCK, | No. 2:18-cv-00560-DAD-KJN (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| T. COOPER, et al., | |
| Defendants. | (Doc. Nos. 124, 137) |

Plaintiff John Scott McClintock is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 20, 2022, defendants filed a motion for summary judgment as to plaintiff's four remaining claims[1] due to plaintiff's asserted failure to exhaust his administrative remedies before filing suit as is required and his failure to establish a genuine dispute of material fact on the merits of his claims. (Doc. No. 124.)

On July 19, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 124) be granted in part

---

[1] On July 11, 2019, the court dismissed plaintiff's first claim without leave to amend. (Doc. No. 19.)

1

and denied in part.  (Doc. No. 137.)  The assigned magistrate judge found that plaintiff had failed to exhaust his administrative remedies with respect to his second claim brought against defendant L. Cantu, and his third and fourth claims, but that plaintiff had properly exhausted his administrative remedies with respect to his second claim as brought against defendants Cooper, Armenta, Winkler, Wheeler, and J. Cantu.  (*Id.* at 22–23, 24.)² The magistrate judge also found that on the evidence before the court at summary judgment, no genuine issue of material fact exists as to plaintiff's exhausted second claim and his fifth claim.  (*Id.* at 29–30, 33.)  In addition, because defendants' motion for summary judgment addressed the merits of plaintiff's second claim only as brought against defendant Cooper, the magistrate judge ordered plaintiff to show cause within fourteen (14) days why the court should not *sua sponte* grant summary judgment in favor of defendants Armenta, Winkler, Wheeler, and J. Cantu as to plaintiff's second claim, given that the liability of these se defendants as to this retaliation claim was dependent on defendant Cooper being found liable.  (*Id.* at 30–31; *see also* Doc. No. 124-3 at 25–26.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (Doc. No. 137 at 34.)  On August 1, 2022, plaintiff filed objections to the pending findings and recommendations, which included a response to the magistrate judge's order to show cause described above.  (Doc. No. 139.)  Defendants filed a response thereto on August 16, 2022, but did not file objections of their own.

      In his objections, plaintiff largely reiterates arguments raised in his opposition to defendants' motion for summary judgment and properly addressed by the pending findings and recommendations.  (Doc. No. 139.)  For example, in connection with his fifth claim, plaintiff contends that there are issues of material fact regarding whether the Rules Violation Report plaintiff received qualifies as an adverse action.  (*Id.* at 5–6.)  However, that argument was already addressed in the pending findings and recommendations, in which the magistrate judge explained that such reports are "not adverse actions because they are informational with no

---

² The pending findings and recommendations do not address the exhaustion of administrative remedies with respect to plaintiff's fifth claim.

disciplinary effect." (Doc. No. 137 at 32) (citing cases).  As demonstrated in this example, plaintiff's objections lack merit and provide no basis upon which to reject the pending findings and recommendations.

In response to the magistrate judge's order to show cause why the court should not *sua sponte* grant summary judgment in favor of defendants Armenta, Winkler, Wheeler, and J. Cantu on plaintiff's second claim, plaintiff again reiterates arguments that were already properly addressed by the pending findings and recommendations.  Specifically, plaintiff contends that the use of the term "green light" by a defendant who searched his cell demonstrates that defendant Cooper ordered the search.  (Doc. No. 139 at 6.)  As explained by the magistrate judge, however, the mere use of the term "green light" by a defendant who searched plaintiff's cell is insufficient to demonstrate at summary judgment that defendant Cooper ordered the search.  (*See* Doc. No. 137 at 27.)  Because plaintiff has not offered sufficient probative evidence showing that defendant Cooper ordered defendants Armenta, Winkler, Wheeler and J. Cantu to search plaintiff's cell, the findings and recommendation reached the correct conclusion on this point.  Accordingly, the court will grant summary judgment in favor of defendants Armenta, Winkler, Wheeler and J. Cantu on the merits of plaintiff's second claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections and defendant's response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.[3]

Accordingly,

1. The findings and recommendations issued on November 29, 2022 (Doc. No. 137) are adopted in full;

---

[3] In plaintiff's opposition to defendants' pending motion for summary judgment, plaintiff argued that the court's July 11, 2019, dismissal of his first claim was erroneous.  (Doc. No. 133 at 2.)  In the pending findings and recommendations, the magistrate judge addressed plaintiff's argument in this regard and found there to be no basis for reconsideration of that order.  (Doc. No. 137 at 2–4.)  The undersigned has reviewed the court's order dismissing plaintiff's first claim and concludes that dismissal of that claim was appropriate.  Therefore, plaintiff's first claim remains dismissed.

2. Defendants' motion for summary judgment (Doc. No. 124) is granted in part and denied in part as follows:

    a. Defendants' motion for summary judgment on plaintiff's second claim brought against defendant L. Cantu based on plaintiff's failure to exhaust his administrative remedies prior to filing suit is granted;

    b. Plaintiff's second claim brought against L. Cantu is dismissed due to failure to exhaust his administrative remedies;

    c. Defendants' motion for summary judgment on plaintiff's third and fourth claims based on plaintiff's failure to exhaust his administrative remedies prior to filing suit is granted;

    d. Plaintiff's third and fourth claims are dismissed due to failure to exhaust his administrative remedies;

    e. Defendants' motion for summary judgment on plaintiff's second claim brought against defendants Cooper, Armenta, Winkler, Wheeler, and J. Cantu is granted;

    f. Defendants' motion for summary judgment on plaintiff's fifth claim is also granted; and

    g. Defendants' motion for summary judgment is otherwise denied;

3. Because this order resolves all of plaintiff's remaining claims as to all defendants, judgment shall be entered in favor of defendants; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 22, 2023**

_____
UNITED STATES DISTRICT JUDGE